UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**MARIA EDWARDS-ANGELONI,**

       **Plaintiff,**

v.

**SELECT PORTFOLIO SERVICING , INC.,**
A Utah Corporation,

       **Defendant.**
_____/

## COMPLAINT FOR DAMAGES

Plaintiff Maria Edwards-Angeloni, by and through the undersigned counsel, hereby sues Defendant Select Portfolio Servicing, Inc., and alleges the following:

### THE PARTIES, JURISIDICTION, AND VENUE

1. Plaintiff Maria Edwards-Angeloni is natural person over the age of 21. She is a citizen of the State of Florida and resides in Broward County, Florida. Plaintiff will be referred to hereafter as "Borrower."

2. Defendant Select Portfolio Servicing, Inc. is a Utah corporation with its principal place of business in the State of Utah. Select Portfolio Servicing, Inc. is engaged in the business of servicing federally related mortgage loans secured by real property throughout the United States and the State of Florida, including the territorial jurisdiction of this Court. Defendant will be referred to hereafter as "Select Portfolio Servicing."

3. As a mortgage servicer, Select Portfolio Servicing is subject to specific federal laws and administrative regulations governing its mortgage servicing activities. These laws and regulations include, but are not limited to, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and its implementing Regulation X, 12 CFR Part 1024.

4. Borrower's claims against Select Portfolio Servicing arise under RESPA, 12 U.S.C. § 2601 *et. seq.* Accordingly, this Court has federal question jurisdiction over Borrower's claims pursuant to 28 U.S.C. § 1331.

5. All acts and omissions that give rise to this lawsuit either occurred in Broward County, or relate to real property and other business transactions that occurred in Broward County, Florida. Accordingly, venue is proper in this Court.

## GENERAL ALLEGATIONS

6. Borrower owns a home located in Lauderhill, Florida. To purchase that home, Borrower obtained a mortgage loan from Ameriquest Mortgage Company. An investor other than Select Portfolio Servicing however actually owns Borrower's mortgage loan. Select Portfolio Servicing is directing a foreclosure lawsuit involving Borrower where the operative pleadings identify "U.S. Bank, National Association, as Successor-In-Interest to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, on behalf of the Holders of the GSAMP Trust 2006-HE3 Mortgage Pass-through Certificates, Series 2006-HE3" as the owner of the mortgage loan. Select Portfolio Servicing currently services that mortgage loan.

7. Borrower's mortgage loan is a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1).

8. As a mortgage servicer, Select Portfolio Servicing engages in handling the accounting, customer service, collection, and virtually all other services related to managing the residential mortgage loans in its portfolio.

9. For all practical purposes, Select Portfolio Servicing and other mortgage servicers generally appear to borrowers whose loan they service as the "mortgagee" or "lender." In fact, Select Portfolio Servicing frequently refers to itself as a "lender." However, Select Portfolio Servicing has never loaned Borrower any money, purchased Borrower's mortgage debt, nor engaged in any activities that give rise to a debtor/creditor relationship.

10. Instead, Select Portfolio Servicing services Borrower's mortgage loan and many other mortgage loans as an independent contractor on behalf of the investors who actually own the debts. The vast majority of residential mortgage loans in the United States are owned by investors and serviced by mortgage servicers such as Select Portfolio Servicing and approximately 30 other competitors. Most of these investors are mortgage securitization trusts, sometimes called "Real Estate Mortgage Investment Conduits" (REMICs), Collateralized Debt Obligations (CDOs), Collateralized Mortgage Obligations (CMOs), or secondary market participants such as the Federal National Mortgage Association (FNMA or FannieMae) and the Federal Home Loan Mortgage Corporation (FHMLC or FreddieMac).

11. As of the date of this Complaint, Select Portfolio Servicing does not own Borrower's mortgage loan, accordingly, Select Portfolio Servicing is not a party to various contracts that give rise to the debt or security interest at issue in this case.

12. Because defendant Select Portfolio Servicing is not a party to the mortgage contract, it cannot enforce the contractual jury trial waiver provisions. Furthermore, Select Portfolio Servicing would not realize a financial loss even if Borrower's mortgage loan were

ultimately foreclosed and the collateral property was sold for less than the balance of the loan. Instead, the investor that employed Select Portfolio Servicing as the loan servicer would absorb that financial loss.

## CLAIM FOR RELIEF

### VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND REGULATION X'S REQUIREMENTS REGARDING ERROR RESOLUTION PROCEDURES

13. Borrower re-alleges and incorporates by reference the allegations in Paragraphs 1 through 12.

14. This is an action for actual damages, reasonable attorney's fees, and litigation costs pursuant to the Real Estate Settlement Procedures Act—RESPA codified at 12 U.S.C. § 2605.

15. On January 10, 2014, the amendments to RESPA that were passed through the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, along with related changes to Regulation X, 12 CFR Part 1024 became effective.

16. On October 18, 2016, Select Portfolio Servicing sent a payoff statement charging Borrower for Escrow/Impound Advance Balance of $42,042.70 and Loan Level Advance Balance of $7,826.09, respectively. The payoff statement provided no explanation nor reason for assessing those charges on Borrower's account.

17. On November 28, 2016, Borrower through counsel, sent Select Portfolio Servicing a Qualified Written Request containing a Notice of Error ("initial QWR") invoking the error resolution procedures established by RESPA and Regulation X, 12 CFR §1024.35. The QWR notified Select Portfolio Servicing that specific amounts claimed in the payoff statement were too high.

18. Under RESPA:

> A servicer must respond to a notice of error by either: (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; *or* (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.
>
> *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1244 (11th Cir. 2016) (Emphasis in *Renfroe*).

19. Select Portfolio Servicing responded to the QWR on December 27, 2016, but its response was not adequate for two reasons. First, although Select Portfolio Servicing appears to have determined that no error occurred, its December 27th, 2016 response does not contain the required "statement of the reason or reasons" for that determination. In fact, that response does not even take an express position concerning whether an error had occurred.

20. Second, there is no indication in that response that Select Portfolio Services actually conducted a reasonable investigation into Borrower's contention that the charges labeled as "Escrow/Impound Advance Balance" and "Loan Level Advance Balance" were too high. Instead, it mischaracterized Borrower's QWR as "…rais[ing] question(s) regarding

- Payoff Statement

- Request for Information

21. The December 27th, 2016 response also contained voluminous business records that appeared to relate to transactions on Borrower's account.

22. Select Portfolio Servicing's characterization of Borrower's initial QWR was inaccurate. While Borrower's initial QWR did raise some questions, it *also* notified Select Portfolio Servicing that there had been an error, thereby triggering Select Portfolio Servicing's obligation to conduct a reasonable investigation, and either correct that error or explain why no error occurred. Rather than complying with the error resolution procedures established by RESPA and Regulation X, Select Portfolio Servicing inappropriately treated Borrower's correspondence as a request for information.

23. On January 12, 2017, Borrower sent her *second* Qualified Written Request containing a Notice of Error ("second QWR"). The second QWR advised Select Portfolio Servicing that its prior response failed to meet the minimum standards of responsiveness mandated by 12 CFR § 1024.35(e)(1)(i); by providing Borrower with a written explanation containing an explanation of the "reason or reasons" why Select Portfolio Servicing apparently determined that there was no error. Borrower further pointed out that the voluminous business records Select Portfolio Servicing included in its response did not resolve Borrower's concern, since it appeared to indicate that the much of the disputed charges were attributable to charges for insurance that were later removed.

24. On February 7, 2017, Select Portfolio Services responded to the second QWR by insisting that its prior response was adequate and that there was "…no merit to [Borrower's] allegations", along with an unsolicited suggestion that Borrower apply for loss mitigation.

25. Select Portfolio Servicing violated RESPA by failing to conduct a reasonable investigation into the erroneous charges identified by Borrower and failing to provide a response that met the minimum standards of responsiveness mandated by 12 CFR § 1024.35(e)(1)(i).

26. Borrower has retained undersigned counsel to prosecute this action and will be entitled to an award of prevailing party attorney's fees if she prevails in this action pursuant to RESPA's attorney fee-shifting provision found at 12 U.S.C. § 2605(f).

27. As a result of Select Portfolio Servicing's RESPA violations, Borrower sustained damages that include:

   a. Improper charges applied to Borrower's account identified in the initial QWR.

   b. Reasonable attorney's fees and costs associated with sending the January 12th, 2017 QWR correspondence.

## DEMAND FOR TRIAL BY JURY

28. Borrower demands trial by jury on the claims raised in this Complaint.

WHEREFORE, Borrower respectfully requests that this honorable Court enter judgment in favor of Borrower in the entire amount of her damages, together with an award of prevailing party attorney's fees, and litigation costs.

Respectfully Submitted,

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.
1999 N. University Drive, Suite 213
Coral Springs, Florida 33071
By: **/S/ Jeffrey N. Golant, Esq.**
Phone: (954) 942-5270
Fax:    (954) 942-5272
Email:  jgolant@jeffreygolantlaw.com
Fla. Bar No.: 707732
Counsel for Plaintiff Maria Edwards-Angeloni